PEOPLE, PLAINTIFF AND APPELLEE, *v.* MARIETTI, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Libel.

No. 2041.—Decided April 2, 1923.

LIBEL PLEADING—STOLEN PROPERTY.—It is not libel to charge a person with having purchased with intent to profit medicinal merchandise which had been stolen when the purchaser is not charged with previous knowledge that it had been stolen.

The facts are stated in the opinion.

Mr. *F. B. Fornaris* for the appellant.

Mr. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Both the appellant and the *Fiscal* of the Supreme Court ask for the reversal of the judgment in this case and the discharge of the defendant.

A charge of libel was made by Diego Vélez Gotay against Domingo Marietti, alleging that on June 13, 1922, in Yauco, the said Domingo Marietti unlawfully, maliciously, wilfully and without probable cause made a written complaint against Diego Vélez Gotay with the malicious intention of de-

faming him and tending to impeach his honesty, stating under oath that Diego Vélez Gotay ''in an unlawful, wilful, and malicious manner and with the intent to profit thereby, purchased medicines stolen from the municipal pharmacy of Yauco and intended to be served to the poor,'' thus exposing the said Diego Vélez Gotay to public hatred, contempt and ridicule.

Defendant Domingo Marietti pleaded that the complaint did not state facts sufficient to constitute an offense and we are of the opinion that his plea should have been sustained by the lower court because the complaint made by Marietti against Vélez Gotay and alleged to constitute the libel did not charge Vélez Gotay with any crime, for the act imputed to Vélez Gotay of purchasing medicines stolen from the municipal pharmacy of Yauco with the intent to profit thereby does not constitute the crime of larceny defined in section 438 of the Penal Code, inasmuch as it was not alleged that the medicines were purchased by him knowing that they had been stolen, an essential element of the offense, as held by this court in the case of *People* v. *Acevedo,* 18 P. R. R. 232. Therefore, as it appears from the complaint under consideration in this appeal that Marietti did not charge Vélez Gotay with any crime in the complaint which he presented against him, it does not state facts sufficient to constitute the crime of libel and the judgment convicting the appellant must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.